UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JUNIOR SMELLIE,<br><br>Plaintiff,<br><br>-v-<br><br>MCFEN GROUP, INC.,<br><br>Defendant. | : | 24-CV-8233 (JMF)<br><br>MEMORANDUM OPINION AND ORDER |

JESSE M. FURMAN, United States District Judge:

On June 17, 2025, the Court entered default judgment against Defendant McFen Group, Inc. *See* ECF No. 54. McFen Group now moves to vacate the default judgment. *See* ECF No. 56. Plaintiff Junior Smellie opposes the motion and, in the alternative, argues that any vacatur should be conditioned on McFen Group being required to reimburse him for the fees and costs incurred as a result of the default. *See* ECF No. 77, at 10-11.

For reasons the Court will explain orally at the conference referenced below, McFen Group's motion to vacate the default judgment is GRANTED, subject to the condition that it reimburse Plaintiff for the fees and costs that Plaintiff incurred as a result of the default. *HANDL Cap. 531, LLC v. New Generation Holdings, LLC*, No. 25-CV-6318 (BMC), 2026 WL 440558, at *5 (E.D.N.Y. Feb. 17, 2026); *see, e.g.*, *Filo Promotions, Inc. v. Bathtub Gins, Inc.*, 311 F. Supp. 3d 645, 647-48 (S.D.N.Y. 2018); *Knox v. The Palestine Liberation Org.*, 248 F.R.D. 420, 429 (S.D.N.Y. 2008); *Mingoia v. Giamboi Bros.*, No. 02-CV-6732 (DLC), 2003 WL 22137987, at *3 (S.D.N.Y. Sept. 17, 2003); *see also, e.g.*, *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 515 (2d Cir. 2001) ("[A] district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party.").

McFen Group shall answer the Complaint **within twenty-one days** of the date of this Memorandum Opinion and Order. In addition, the parties shall appear for a telephonic initial pretrial conference on **December 18, 2026**, at **11:00 a.m.** In accordance with the Court's Order of November 4, 2024, *see* ECF No. 6, the parties shall file a joint letter and proposed Case Management Plan by the **Thursday before the initial pretrial conference**. The parties shall promptly confer in an effort to reach agreement on the amount that McFen Group should be required to reimburse Smellie and shall indicate in their joint letter whether they have reached agreement; if not, the parties should propose a briefing schedule to resolve their disagreement.

To access the conference, counsel should call 888-363-4749 and use access code 5421540#. Members of the press and public may call the same number, but will not be permitted to speak during the conference. The parties are reminded to follow the procedures for

teleconferences described in the Court's Individual Rules and Practices for Civil Cases, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman. Among other things, those procedures require counsel to provide advance notice of who will participate in the conference and the telephone numbers they will use to participate.

The Clerk of Court is directed to terminate ECF No. 56; to vacate the default judgment at ECF No. 54 (although, for the sake of the record, it should remain on the docket); and to reopen this case.

SO ORDERED.

Dated: November 13, 2026
New York, New York

JESSE M. FURMAN
United States District Judge